IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**CHARLES E. LOVEJOY,**

    **Plaintiff,**

v.                                      CASE NO. 2:06-cv-00602

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

    **Defendant.**

## M E M O R A N D U M   O P I N I O N

    This is an action seeking review of the decision of the Commissioner of Social Security denying Claimant's application for Child's Insurance Benefits ("CIB"), under Title II of the Social Security Act, 42 U.S.C. §§ 401-433, and Supplemental Security Income ("SSI"), under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. Both parties have consented in writing to a decision by the United States Magistrate Judge. Neither party has filed a brief in this matter.

    Plaintiff, Charles E. Lovejoy (hereinafter referred to as "Claimant"), protectively filed applications for CIB and SSI on February 20, 2004, alleging disability as of December 16, 1977, his date of birth, due to hydrocephalus, breathing problems, anxiety, headaches, and stomach and back pain. (Tr. at 44, 49-51, 60, 68, 170-72.) The claims were denied initially and upon reconsideration. (Tr. at 34-38, 44-46, 174-78, 180-82.) On

November 29, 2004, Claimant requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. at 47-48.) The hearing was held on August 12, 2005, before the Honorable Karen B. Peters. (Tr. at 183-231.) By decision dated March 8, 2006, the ALJ determined that Claimant was not entitled to benefits. (Tr. at 13-25.) The ALJ's decision became the final decision of the Commissioner on May 31, 2006, when the Appeals Council denied Claimant's request for review. (Tr. at 6-8.) On August 3, 2006, Claimant brought the present action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g).

Under 42 U.S.C. § 423(d)(5), a claimant for disability has the burden of proving a disability. See Blalock v. Richardson, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. § 416.920 (2005). If an individual is found "not disabled" at any step, further inquiry is unnecessary. Id. § 416.920(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. Id. § 416.920(b). If the claimant is not, the second inquiry is whether

claimant suffers from a severe impairment. Id. § 416.920(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. Id. § 416.920(d). If it does, the claimant is found disabled and awarded benefits. Id. If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. Id. § 416.920(e). By satisfying inquiry four, the claimant establishes a prima facie case of disability. Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. § 416.920(f) (2005). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job, and (2) that this specific job exists in the national economy. McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because he has not engaged in

3

substantial gainful activity since the alleged onset date. (Tr. at 15.) Under the second inquiry, the ALJ found that Claimant suffers from the severe impairments of borderline intellectual functioning, an anxiety disorder, a depressive disorder, obesity, remote hydrocephalus, and allergies. (Tr. at 17.) At the third inquiry, the ALJ concluded that Claimant's impairments do not meet or equal the level of severity of any listing in Appendix 1. (Tr. at 17-18.) The ALJ then found that Claimant has a residual functional capacity for medium work, reduced by nonexertional limitations. (Tr. at 21.) At the fourth inquiry, the ALJ found Claimant is able to perform his past relevant work. (Tr. at 21.) Alternatively, assuming Claimant cannot perform his past relevant work, the ALJ concluded that Claimant could perform jobs such as janitor, housecleaner, and stock clerk/order filler, which exist in significant numbers in the national economy. (Tr. at 24-25.) On this basis, SSI benefits were denied. (Tr. at 25.)

Additionally, since Claimant applied for Child's Insurance Benefits, it was necessary for the ALJ to determine: (1) whether Claimant is the child of a wage earner who is entitled to old-age or disability benefits or who has died; (2) whether claimant is unmarried; (3) whether Claimant has established he was dependent on the wage earner; and (4) whether Claimant is under a disability that began before he or she became 22 years old. See 20 C.F.R. §§ 404.350 and 404.351 (2005). The ALJ found that

4

"[C]laimant meets all of the nondisability requirements for Childhood Disability Benefits set forth in Section 202(d) of the Social Security Act." (Tr. at 14.) However, based on the ALJ's finding of "not disabled," Child's Insurance Benefits were denied. (Tr. at 25.)

Scope of Review

The sole issue before this court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In Blalock v. Richardson, substantial evidence was defined as

> "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'"

Blalock v. Richardson, 483 F.2d 773, 776 (4th Cir. 1972) (quoting Laws v. Cellebreze, 368 F.2d 640, 642 (4th Cir. 1966)).

Additionally, the Commissioner, not the court, is charged with resolving conflicts in the evidence. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." Oppenheim v. Finch, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner is not supported by substantial evidence.

Claimant's Background

Claimant was twenty-seven years old at the time of the administrative hearing. (Tr. at 50, 183.) He graduated from Guyan Valley High School, where he received special education services. (Tr. at 113, 211, 215.) In the past, he worked part-time for a few months as a laborer for Goodwill Industries. (Tr. at 53, 200.)

The Medical Record

The court has reviewed all evidence of record, including the medical evidence of record, and will discuss it further below as necessary.

Past Relevant Work

"Past relevant work" is defined in the Social Security Regulations at 20 C.F.R. §§ 404.1565 and 416.965 (2005). To qualify as past relevant work, the work usually must have been performed within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the claimant to learn to do the job and meet the definition of substantial gainful activity. The Regulations define "substantial gainful activity" as "work activity that is both substantial and gainful." 20 C.F.R. §§ 404.1572 and 416.972 (2005). Work can be considered substantial

even if it is done on a part-time basis or if less money is earned or work responsibilities are lessened from previous employment. Gainful work activity is the kind of work usually done for pay or profit, whether or not a profit is realized.

The ALJ's finding that Claimant is able to perform past relevant work is inconsistent with the Regulations and unsupported by substantial evidence. Claimant's earnings from his work for Goodwill Industries ("Goodwill") are well below the level necessary for substantial gainful activity. (Tr. at 52-58.) Moreover, such work was performed "under special conditions." 20 C.F.R. §§ 404.1573(c) and 416.973(c)(2005). Claimant's mother testified that when he worked in the sheltered environment of Goodwill Industries, "he kept . . . breaking down and they escorted him home from work." (Tr. at 200.) This evidence, which tends to establish that Claimant was unsuccessful at working "under special conditions," undermines the ALJ's conclusion that Claimant engaged in past relevant work to which he could return. (Tr. at 21.) The Court finds that Claimant's work for Goodwill does not constitute past relevant work.

<u>Weighing Medical Opinions</u>

Every medical opinion received by the ALJ must be considered in accordance with the factors set forth in 20 C.F.R. § 416.927(d) (2005). These factors include: (1) length of the treatment relationship and frequency of evaluation, (2) nature

7

and extent of the treatment relationship, (3) supportability, (4) consistency (5) specialization, and (6) various other factors. Additionally, the regulations state that the Commissioner "will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion." Id. § 416.927(d)(2).

Under § 416.927(d)(1), more weight is given to an examiner than to a non-examiner. Section 416.927(d)(2) provides that more weight will be given to treating sources than to examining sources (and, of course, than to non-examining sources). Section 416.927(d)(2)(I) states that the longer a treating source treats a claimant, the more weight the source's opinion will be given. Under § 416.927(d)(2)(ii), the more knowledge a treating source has about a claimant's impairment, the more weight will be given to the source's opinion. Sections 416.927(d)(3), (4), and (5) add the factors of supportability (the more evidence, especially medical signs and laboratory findings, in support of an opinion, the more weight will be given), consistency (the more consistent an opinion is with the evidence as a whole, the more weight will be given), and specialization (more weight given to an opinion by a specialist about issues in his/her area of specialty).

In this case, the ALJ's decision lacks the requisite explanation concerning the weight afforded to the medical opinions in evidence. The ALJ summarized findings, diagnoses, and

8

assessments from Panos Ignatiadis, M.D., David E. Frederick, Ph.D., Peter Tsai, M.D., James Capage, Ph.D., and a medical consultant who completed a Physical Residual Functional Capacity Assessment for the State disability determination service, (Tr. at 16-18, 21, 149). However, the ALJ failed to specify how much weight the opinion of each medical doctor or psychologist was given and why, as required by the regulations. Consequently, the court finds that the ALJ did not adequately explain the weight afforded the medical evidence of record, and therefore, that the Commissioner's decision is not supported by substantial evidence.

Finally, the court notes the absence of medical records from Prestera Mental Health Counseling Center and Lincoln Primary Care Center, where Claimant apparently was treated. (Tr. at 90, 186.) While the ALJ did ask Claimant's attorney to obtain those records, they were never made a part of the record in this case. (Tr. at 187, 205.) When the absence of those records is considered along with the other deficiencies identified above, the court cannot conclude that the ALJ's decision is supported by substantial evidence.

For the reasons set forth above, the court finds that the Commissioner's decision is not supported by substantial evidence. Accordingly, by Judgment Order entered this day, the final decision of the Commissioner is **REVERSED**; this case is **REMANDED** for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g);

and this matter is **DISMISSED** from the docket of this court.

The Clerk of this court is directed to transmit copies of this Order to all counsel of record.

ENTER: September 25, 2007

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge